ANDREW SCOTT, SHERIFF, APPELLANT, VS. MARY W. RUSS, EXECUTRIX, AND MOSES GUYTON, EXECUTOR, APPELLEES.

1. A decree pronounced and entered in a suit for foreclosure of mortgage is not a lien on any real estate of the defendant other than that embraced in the mortgage, notwithstanding the language of the decree is that the complainant " recover of the defendant " a specific sum of money.

2. A decree obtained subsequently at chambers for the balance due the mortgagor after the application of the proceeds of sale to his mortgage debt, under equity rule 89, is a lien on the lands of the defendant the same as a judgment at law, when the said decree is filed and entered in the minutes of the court or the chancery order book.

Appeal from the Circuit Court for Jackson county.

The judgment appealed from was entered at the Spring Term, 1883, of said Circuit Court, and he appeal of appellant was thereupon entered in open court. Pending said appeal, Joseph W. Russ died, leaving a will which was duly admitted to probate. Mary W. uss and Moses Guyton qualified as executrix and executor of said will, and voluntarily came in as parties defendant to said appeal. The other facts of the case are stated in the opinion.

*B. S. Liddon* for Appellant.

*J. F. McClellan* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

The appellee, Russ, commenced a suit on the 22d day of October, 1881, by attachment against Tony Horne, which attachment was levied the same day upon the W½ of the SW¼ of sec. 21, T. 5, R. 10, N. and W., by the Sheriff of Jackson county. Judgment was rendered in said suit upon the 7th of November following for $646.86, and execution issued thereon on the 17th day of November, and November 29th it was levied on the same land levied on by virtue of the attachment less five acres, including the Carter mill track. On the 15th August, 1881, a decree of foreclosure and sale in a suit for foreclosure of a mortgage by Carter's administrators, against Tony Horne and Judy Horne of certain other lands in said county, was granted by

the Judge of the Circuit Court; on this decree there was a sale of all the mortgaged property on October 3d, 1881, leaving a balance due to Carter's administrators of $656.78, for which balance execution was ordered to issue by the Chancellor on November 7th, 1881, and was issued November 10th, 1881, and on November 29th, 1881, was levied on the same land levied on by virtue of Russ' attachment, less five acres, including the Carter mill track. The lands were sold by the Sheriff for $368.25, and both parties, Russ and the administrators of Carter, claiming the proceeds of sale and the Sheriff declining to pay either, a rule *nisi* at the instance of Russ was served on Scott, the Sheriff, to show cause why he should not pay to him on his execution the said sum of $368.25. The Sheriff answered in accordance with the foregoing facts, whereupon the court gave judgment against said Scott in favor of said Russ for $368.25. Scott appeals from this judgment.

The appellant assigns as error that the court below erred in its judgment ordering on the 5th day of June, A. D. 1883, that the appellant herein "do pay over to Joseph W. Russ or his attorney the sum of three hundred and sixty-eight dollars and twenty-five cents arising from the sale of the land (W$\frac{1}{2}$ of SW$\frac{1}{4}$ of sec. 21, township 5, range 10, N. and W., less five acres,) upon execution in favor of Joseph W. Russ.

The appellant insists that the decree of foreclosure, inasmuch as it says that the administrators of Carter do recover of the defendants, Tony Horne and Judy Horne, a specific sum of money, is a decree for money, and under sec. 46, page 165, McClellan's Digest, it is "a lien on the lands and tenements of the party against whom it is entered to the same extent * * * * as a judgment at law."

The position is untenable. Notwithstanding that the language is in the nature of a decree for money, it was not

so intended and is meant only as a judicial ascertainment of the amount due which the mortgage was intended to secure. If it could be taken as a decree for money, it could not be considered as a lien generally on the lands and tenements of the defendant because it provides specially how, in the event it is not paid by a given day, it is to be enforced. If it is for a specific sum it also provides a specific manner of collecting it that cannot be departed from.

The decree in this case does nothing more than ascertain the amount of the debt and order a sale of the property mortgaged. Without the aid of Rule 89, it would after the sale be *functus officio*.

The decree of the 15th of August made in the foreclosure suit was not a lien on any property other than the mortgaged property of the defendants. Appellant insists that if the decree of August 15th, 1881, is not a lien, that inasmuch as the decree for balance was made on the same day as the judgment in the attachment suit was entered that the proceeds of the sale should have been divided *pro rata* between the judgment of Russ and the decree of Carter's administrators. We cannot adopt this view. The statute, (McClellan's Digest, sec. 18, p. 114,) says : " But the judgment in a suit commenced by attachment shall be satisfied in the same manner as other judgments obtained at the same term of the court." The decree of Carter's administrators, granting that a decree and a judgment are the same thing, was not obtained *at the same term of the court.*

It was made at Chambers on the same day, it is true, that the judgment by default in Russ' suit was entered, 7th November, but it was not filed in the court or entered until three days afterward, the 10th of November.

It could not become a lien until it was filed and entered in the minutes of the court. There is no error in the record and the judgment is affirmed.