GEORGE B. TYLER, APPELLANT, v. L. T. TOPH AND ABNER R. TOPH, HER HUSBAND, APPELLEES.

1.  In a bill to foreclose a chattel mortgage even if it is essential to allege that the personal property was within the jurisdiction of the court at the commencement of the suit, if there are allegations from which such fact may be inferred, the bill is good as against a demurrer not directed to this point.

2.  Averments in an answer which are not responsive to the bill must be proved by the defendant by a preponderance of the testimony.

3. An objection that the testimony in a chancery proceeding was not signed by the witnesses cannot be made for the first time in the appellate court, particularly when the party so objecting asks that he be allowed the benefit of such testimony.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*H. L. Anderson,* for Appellant.

*L. N. Green,* for Appellees.

WHITFIELD, J.   The appellees filed in the Circuit Court for Marion county a bill in equity against George B. Tyler to foreclose a mortgage on land and chattels given to secure the payment of an indebtedness evidenced by a promissory note executed by the appellant.

The following answer and demurrer was filed by the defendant Tyler:

"Comes now the defendant, George B.  Tyler, in  the above styled cause and for answer to the   complainant's bill of complaint, or so much thereof as he is advised is necessary to make answer unto, says:   That he admits the execution of the note and mortgage set out in   complainant's bill of complaint, but defendant says that the said note was a renewal of a former   indebtedness, and that the same contains an amount far in   excess of  the actual amount due from the defendant to the complainants, because, defendant says, that the said note   contains a large amount of usurious interest, to-wit:   about

three hundred and fifty-four dollars, and that this defendant is not in equity indebted to the said complainants in any sum in excess of the sum of four hundred dollars.

Further answering the complainant's bill this defendant says, that by an agreement subsequent to the execution of the said note made between the defendant and the said complainants, the complainants promised and agreed, for a valuable consideration, to permit this defendant to pay the said note at the rate of thirty dollars per month, and that this defendant in good faith was carrying out the said agreement so made with the complainants to pay said note at the rate of $30.00 per month, when, without any just cause or reason, the complainants caused this suit to be commenced, and in violation of the said contract and agreement for the payment of said note by installments, and this defendant says that he is ready, willing and able to carry out the said contract, and to pay the said complainants the said sum of thirty dollars per month until the said note is fully paid, and here offers in this answer to pay the said $30.00 per month into the registry of this court until the said note is paid.

By way of demurrer to the said bill of complaint, defendant says, that the bill does not set forth facts sufficient to confer jurisdiction upon this Honorable Court.

2nd. The alleged mortgage deed is uncertain as to the description of the property alleged to be contained therein.

3rd. The bill is vague and uncertain as to the amount of attorney's fees claimed.

And this defendant having fully answered, prays the same benefit as if he had formerly demurred to the said

bill or filed a cross bill, and prays to be hence dismissed with his costs in this behalf sustained."

The demurrer was overruled. Testimony was taken before a special master and a decree of foreclosure was rendered from which an appeal was taken. The errors assigned are that the court erred (1) in overruling the demurrer to the bill; (2) in overruling the exceptions of the defendant to the report and findings of the master; (3) in entering a final decree.

The only argument under the first assignment of error is that it is essential to allege that the personal property was within the jurisdiction of the court at the commencement of the suit.   Even if such an allegation were essential there are allegations that the personal property was in Marion county at the time the mortgage was executed, that the mortgagor resides, and that the note and mortgage were excuted and the mortgage recorded in  Marion county, from which it may be inferred that the personal property was in the county and consequently within the jurisdiction of the court at the  commencement of  the suit, therefore the bill is good against the  demurrer  as framed with no specification therein directed to this supposed defect.

Only two of the overruled exceptions are argued here. One is that it was proven that the  subsequent  agreement for paying the indebtedness at the rate of $30.00 per month set up in the answer was complied with by the defendant and violated by the complainant, therefore the finding for the complainants was error.

The averments of the answer as to a subsequent agreement, the performance of it on the part of the defendant and the breach of it by the complainants are not responsive to the bill, and the burden was upon the defendant

to establish such matters by a preponderance of the tes-
timony.   Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95.

The testimony did not establish these averments of the
answer and the exception was properly overruled.

The other exception argued under the second assign-
ment of error is that "the defendant excepts to the find-
ings of fact and law on the ground that there is no evi-
dence in the record upon which to base said findings."
This exception is general and relates to the existence of
any evidence in the record.   The contention here is that
there is no evidence because the testimony of the  wit-
nesses is not signed by them.   There is nothing to show
that this objection was presented to the Chancellor, and
besides the appellant is insisting that the same evidence
proves the defense set up in his answer.   The objection
cannot be made here for the first time, particularly when
appellant asks that he be allowed the benefit of such tes-
timony.   See Tuten v. Gazen, 18 Fla. 751.

The contentions made under the third assignment of
error are met in the disposal of the others.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKILL, JJ., concur in the opin-
ion.