BREVARD NAVAL STORES COMPANY, A CORPORATION, AND OTHERS, *Appellants*, v. THE COMMERCIAL BANK OF JACKSONVILLE, A CORPORATION, *Appellee*.

Opinion Filed March 27, 1914.

1. Objections to formal matters should be made promptly, else they may be waived.

2. A final decree in foreclosure ordering the defendant to pay a certain amount, and that in default thereof the mortgaged property be sold, is not a money decree, even though the master appointed to make the sale is directed to report to the court should there be a deficiency.

3. The appellate court in correcting an obvious clerical misprision in a decree, may deny the costs of an appeal to an appellant who made no effort to have the error corrected in the lower court.

Appealed from Circuit Court for Duval County; Daniel A. Simmons, Judge.

Decree modified and affirmed.

*Bisbee & Bedell* and *A. H. King,* for Appellants;

*Reynolds & Rodgers,* for Appellee.

COCKRELL, J.—This is an appeal from a final decree in favor of the Bank, ordering certain mortgaged property sold to satisfy liens and adjudicated in its favor. The liens consist of two mortgages executed by the Jacksonville Machine Works, and a prior judgment against that corporation, which the Bank for self protection had to pay off. In the inception of the suit the Jacksonville Machine Works was made a party, but the bill was dismissed as to it, the Brevard Naval Stores Company having, prior to this suit, purchased all the mortgaged property, and assumed the payment of the mortgages. The Naval Stores Company interposed a plea to the bill as originally framed, which was overruled, and after the cause was dismissed as to the Machine Works, attempted to file a demurrer, which, however was not verified, and the court properly declined to recognize it, and entered a decree *pro confesso.*

The appellants contend that the court erred in allowing the complainant to file a supplemental bill to bring in the enforced payment of a judgment against the Machine Works, the payment having been made after the filing of the original bill, but before answer. If this be a serious irregularity, such as to call forth condemnation from this court, it avails nothing now, for the reason that the defendants had ample opportunity to object to the form in the Circuit Court in an orderly way, and did not do so.

Possibly the principal contention of the appellants is that the final decree is a money judgment against the

Machine Works, which had been dismissed as a party. It is true that the decree orders "That the defendants do within five days from the date of this decree pay to the complainant the sum of $16,244.99 * * * and that in default of such payment said mortgage premises * * * sold;" and further that in the event the property do not bring enough to satisfy the decree, the master report the deficiency to the court for further order. While the title of the decree still retained the Jacksonville Machine Works at its masthead as from the beginning, the record as a whole shows that it is in nowise concerned with the decree, being no longer a party defendant. Moreover, the decree is in no sense in form or legal effect a money decree. Scott v. Russ & Guyton, 21 Fla. 260.

We need not anticipate what may take place, should the sale not produce sufficient funds to satisfy the decree, and a deficiency judgment be asked against the Naval Stores Company. The Circuit Court has not undertaken to anticipate that contingency, nor shall we do so.

There is a slight misprision in the decree in that it reads to draw interest from the tenth day of September, instead of from the sixteenth of that month, due to the fact that the decree as drafted was not signed immediately. Such errors should be corrected by application to the Circuit Courts and not by the expense and delay by appeals to this court. No effort having been made to have the obvious error corrected there, we shall exercise the power granted us by declining to cast the costs of the appeal upon the appellee.

The judgment of this court will therefore be that the decree be modified in the manner indicated, and as mod-

ified be affirmed, at the cost of the appellant Brevard Naval Stores Company.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT- FIELD, J. J., concur.