FIRST NATIONAL BANK OF GAINESVILLE, A CORPORATION, *Plaintiff in Error,* v. JOHN R. WILLIAMS, *Defendant in Error.*

Opinion filed June 9, 1919.

Petition for Rehearing denied July 1, 1919.

On an issue of fact as to whether a negotiable note was ac-
cepted as collateral before notice of its infirmity, it is error
to exclude competent testimony in rebuttal of testimony as
to when the note was received and held as collateral; and
the exclusion of the stated testimony in this case is held to
be harmful and reversible error.

A Writ of Error to the Circuit Court for Marion
County; W. S. Bullock, Judge.

Judgment rerversed.

*Hampton & Hampton,* for Plaintiff in Error;

*Anderson & Anderson,* for Defendant in Error.

PER CURIAM.—In an action on a negotiable promissory
note brought against Williams by the bank which held
the note as collateral, trial was had upon the issues as to
the plaintiff being a holder of the note before maturity
and without notice of any infirmities. Plaintiff took a
writ of error to a judgment for the defendant.

The note was dated October, 12, 1914, payable twelve
months after date. Plaintiff produced the note, and
presented testimony that it was received July 31, 1915,
without notice of any infirmity and was accepted and

held as collateral from that date.  On cross plaintiff's witness testified that after receiving the note from an endorser as collateral he did not state to the maker of the note that the note was sent to the plaintiff by an endorser for the return of a like amount of collateral to the endorser, as a condition to getting the note.  The maker of the note testified that the plaintiff's witness, the president of the bank, who received the note for the bank, told the maker a day or two after being advised of the infirmity in the note, that he had received the note to be exchanged or substituted for other notes, and when asked if he was going to make the exchange, he said "not now," that he had written to the party from whom the note was received but had received no reply.

It appears that the letter transmitting the note to the president of the plaintiff bank, contained the following: "kindly mail me in exchange for the Williams note a like amount of past due notes."  It also appears that the bank did not return notes in exchange for the one received; and that the bank notified the maker of the note that the note was held by the bank.  In reply the maker of the note advised the bank of the infirmity in the note and a day or two thereafter the maker of the note had a conversation with the president of the bank above referred to.

On the ground that they were not in rebuttal, the court excluded the following questions propounded to the cashier of the bank who was called as a witness for plaintiff: "State, if you know, when the First National Bank received from Mason & Co. this note of J. R. Williams for $6,000 as collateral securtiy for the note of Mason & Co."

"Did the First National Bank hold this note, upon which it is now suing, as collateral security for a note of Mason & Co., on July 31, 1915?"

These questions were proper in rebuttal; and while the testimony sought by them would to some extent be cumulative, it cannot fairly be said on this record that the exclusion of the questions was harmless error, since the evidence as to the acceptance of the note as collateral before any notice was received or had of an infirmity in the note, is not satisfactory, and the testimony sought may have materially affected the determination of the issues.

For this error the judgment is reversed, no other error appearing.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.