C. P. DICKINSON, *Appellant,* vs. W. H. TUNNICLIFFE, as Liquidator, etc., et al., *Appellees.*

141 So. 597.

Division A.

Opinion filed May 11, 1932.

J. J. Dickinson and C. P. Dickinson, for Appellant; Maguire & Voorhis, for Appellees.

Buford, C.J.—The appellant here filed bill of complaint in the Circuit Court of Orange County in which it was alleged, in short, that the Orlando Bank & Trust Company became insolvent and closed its doors on the 2nd day of July, 1930, and that the appellee was appointed and has since acted as Liquidator of the bank; that at the time the bank closed its doors the complainant and one J. J. Dickinson were partners in the practice of law under the firm name of Dickinson & Dickinson and that the firm of Dickinson & Dickinson, co-partners composed of the complainant and the said J. J. Dickinson, had on deposit in the said bank the sum of $789.26 and that at the time of the closing of the bank the complainant was indebted to the bank for money borrowed in a certain sum had, at the time of the filing of the bill of complaint, been reduced to $399.13, which was, and is, equal to one-half of the amount of the deposit of

Dickinson & Dickinson in said bank, and is equal to the interest of the complainant in such deposit.

The bill prays that the defendant be required to set-off and allow the complainant against the indebtedness owed by the complainant to the bank the sum of $399.13, being the complainant's half of the sum of money on deposit in and owed by the Bank of Orlando & Trust Company to the firm of Dickinson at the time it closed its doors.

Demurrer to the bill was filed and sustained.

The question presented here is whether or not a decree may be entered requiring the Liquidator to set-off against the indebtedness owed to the bank by C. P. Dickinson as an individual an amount equivalent to one-half of the amount of the deposit of Dickinson & Dickinson in the bank at the time it closed its doors.

The identical question of law here presented was presented in the case of Gray vs. Rollo in 18 Wallace 629, 21 L. Ed. 927, wherein it was said:

"The language of the Bankrupt Act, on the subject of set-off, is: 'That in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set-off against the other, and the balance only shall be allowed or paid.' 14 Stat. at L., 526, sec. 20. It is clear that these claims are not mutual debts. They are not between the same parties. The notes exhibit a liability of the complainant and Gaylord; the policies, a claim of the complainant and his brother. But it is said that, by the law of Illinois, all joint obligations are made joint and several; and, therefore, that the complainant is separately liable on the notes, and could be sued separately upon them. Granting this to be so, the debts would still not be mutual. If sued alone on the notes, the claim on the policies which he might seek to set off *pro tanto*, against the notes, is a claim due not to him alone but to him and his brother. His brother's consent that he might use the claim for

that purpose would not alter the case. Had his brother's interest been assigned to him before the bankruptcy of the Company, and without any view to the advantage to be gained by the set-off, the case would be different.

Nor does the case present one of mutual credit. There was no connection between the claims whatever, except the accidental one of the complainants being concerned in both. The Insurance Company, so far as appears, took the notes without any reference to the policies of insurance; and Gray Brothers insured with the Company without any reference to the notes. Neither transaction was entered into in consequence of or in reliance on the other; and no agreement was ever made between the parties that the one claim should stand against the other. There being neither mutual debts nor mutual credits, the cause does not come within the terms of the Bankrupt Law. If it can be maintained at all it must be upon some general principle of equity, recognized by courts of equity in cases of set-off; which, if it exist, may be considered as applicable under an equitable construction of the Act. But we can find no such principle recognized by the courts of equity in England or this country, unless in some exceptional cases which cannot be considered as establishing a general rule.''

In the case of Chipley State Bank vs. McNeill, 77 Fla. 825, 82 Sou. 296, this Court said:

"The right of set-off against the Receiver of a Bank is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created."

This enunciation was approved in the recent case of Butler vs. Tunnicliffe, filed March 16, 1932.

The condition which existed at the time of the insolvency of the bank appear to have been that the bank was indebted to the co-partnership of Dickinson & Dickinson in the sum of $798.26 and C. P. Dickinson who happened to be a member of that co-partnership was indebted to the bank in some sum of money evidently ex-

ceeding in amount equal to half of the deposit of Dickinson & Dickinson. Dickinson & Dickinson were not liable for the obligations of C. P. Dickinson to the bank, and, therefore, the deposit of Dickinson & Dickinson was in nowise connected with the obligation of C. P. Dickinson to the bank.

It appears to us that there is a clear distinction between the condition which exists in the case at bar and the law applicable thereto and a case wherein the partnership was indebted to the bank in a certain sum as a partnership and one of the partners in his individual capacity had in the bank a deposit. In that case each partner would be liable for the full amount of the partnership indebtedness and the property of each partner would be subject to the payment of that indebtedness and, therefore, the deposit of the partner in his individual capacity would be as much liable for the partnership indebtedness to the bank as it would be for the indebtedness of the individual making the deposit and in that case the deposit of the individual could be set-off against the obligation of the partnership.

The record in this case fails to show that the bank was indebted to C. P. Dickinson individually in any amount at the time of the insolvency of the bank.

In Chipley State Bank vs. McNeill, supra, and in Butler vs. Tunnicliffe, supra, we have followed in this regard the rule in bankruptcy as stated by Mr. Justice Bradley in Gray vs. Rollo, supra, in which it is said:

In other words, the case of Tucker vs. Oxley decides that a joint indebtedness may be proved and set off against the estate of either of the joint debtors who may become bankrupt, and the fact that it may be subject to be marshaled makes no difference. The joint debtors are severally liable *in solido* for the whole debt. But the case does not decide that a joint claim, that is to say, a debt due to several joint cred-

itors can be set off against a debt due by one of them. If a debt is due to A and B, how can any court compel the appropriation of it to pay the indebtedness of A to the common debtor without committing injustice toward B? The debtor who owes a debt to several creditors jointly cannot discharge it by setting up a claim which he has against one of those creditors, for the others have no concern with his claim, and cannot be affected by it; and no more can one of several joint creditors, who is sued by the common debtor for a separate claim, set off the joint demand in discharge of his own debt, for he has no right thus to appropriate it. Equity will not allow him to pay his separate debt out of the joint fund. And if he had the assent of his co-obligees to do this, it would be unjust to the suing debtor, because he has no reciprocal right to do the same thing."

For the reasons stated, the order sustaining the demurrer should be affirmed and it is so ordered.

Affirmed.

Ellis and Brown, J.J., concur.

Whitfield, P.J., and Terrell and Davis, J.J., concur in the opinion and judgment.