State, *ex rel.* Herbert M. Davidson, v. M. S. Couch, as City Manager, *et al.*

158 So. 103.
Division A.
Opinion Filed December 12, 1934.
Rehearing Denied December 31, 1934.

*Green & West* and *W. J. Oven,* for Relator;

*Millard B. Conklin* and *H. B. Hodgden,* for Respondents.

Ellis, J.—This case is here now on the evidence as taken before Honorable George W. Jackson, Circuit Judge, acting under executive order of the Governor. This Court, which in the exercise of its original jurisdiction issued the alternative writ of mandamus, finding after the pleadings were settled that it became necessary to take evidence as to the existence of certain facts averred by the respondnts in their answer or return to the alternative writ, requested

Honorable M. G. Rowe, Circuit Judge for Volusia County, to cause the testimony to be taken before him and make a certified report of the same to this Court.

The report has been made and the testimony is before us under the certificate of Honorable George M. Jackson, Circuit Judge, acting in place of Honorable M. G. Rowe.

The law of the case has been settled by this Court by the decisions of May 26, 1934, and August 6, 1934, the reports of those decisions being reported under the title of State, *ex rel.* Davidson, v. Couch, 115 Fla. 115, 155 South. Rep. 153, and 116 Fla. 120; 156 South. Rep. 297.

The matter now before us is the determination from the evidence reported of a question of fact.

In the last reported case we held in substance that certain averments of the respondent's answer required denial by the relator. One of the averments was that an agent of the relator, Davidson, named Lawton Carver, accompanied by Fred Hoegner, a public accountant, presented to the respondent, Couch, a written request from Davidson to Couch that he open the books of the city for inspection by Carver; that the respondent offered to comply with the request and accompanied the two representatives of Davidson to the accounting department in the city hall and showed the two persons the books and records and directed each employee in the department to extend the privilege of free access to the books to Carver and Hoegner in order that they might make the examination desired; that Carver and Hoegner declined to do so, derided the respondent, and told him that they were not interested in examining the books.

The other averment, contained in paragraphs eight, nine and ten of the answer, was in effect that Davidson, the relator, later made another demand upon Couch for an inspection of the city's books by J. L. Robertson, an agent of Davidson; that Robertson had just completed an examina-

tion of the books on March 31, 1934, a short time before; that the second request which was made on April 3, 1934, was not made in good faith but for the purpose of annoying the officials of the city government and to afford the relator an opportunity, in the event of refusal, to criticize, censure and condemn the respondents, and stir up personal and political antagonism among the citizens of Daytona Beach.

In the last opinion by this Court it was stated that if such averments were true, they tended to show that the relator was not denied the privilege secured to him by the statute, but that he in reality merely sought to harrass and annoy the respondent and interfere with him and other officials in the discharge of their duties, and in such case the relator was not making a reasonable demand but that his demand was on the contrary very unreasonable, which was an abuse of the privilege secured by the statute. See State, *ex rel.* Davis, v. McMillah, 49 Fla. 243, 38 South. Rep. 666, 6 Ann. Cas. 537.

The case was orally argued on the facts in October.

The defense interposed by the answer is an affirmative one and the burden of establishing it was therefore on the respondents. The averments are of new matter not responsive to the writ, but in avoidance of it. They set up a state of facts intended to show that the demand of the relator was not in good faith but for an ulterior purpose and therefore not a reasonable demand. In such case the burden rested upon the respondent who set up such a defense to establish it by a preponderance of the evidence. See American Securities Co. v. Goldsberry, 69 Fla. 104, 67 South. Rep. 862; Tyler v. Toph, 51 Fla. 597, 40 South. Rep. 624; Wolkowsky v. Kirchick, 85 Fla. 210, 95 South. Rep. 611; Lonergan v. Peebles, 77 Fla. 188, 81 South. Rep. 514; Baylarian v. Tunnicliffe, 105 Fla. 494, 141 South. Rep. 609;

Bourne v. State Bank of Orlando & Trust Co., 106 Fla. 46, 142 South. Rep. 810; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870.

The averments of the answer in this case bring the respondents clearly within the rule that the burden of proof rests on the person who wishes to support his case or defense by a particular fact lying more peculiarly within his knowledge or of which he is supposed to be cognizant. See Selma R. & D. R. Co. v. United States, 139 U. S. 560, 35 L. Ed. 266, 11 Sup. Ct. Rep. 638.

The respondent could not cast the burden upon the relator by averring that the relator did not ask in good faith for the privilege of examining the books but that he sought merely to harrass and annoy the respondent and interfere with him and other officials in the discharge of their duties and to stir up political and personal antagonism among citizens of Daytona Beach.

It cannot be assumed that the relator asked for the privilege under the statute of examining the books with any such purpose or prompted by any such motive. The statute grants the privilege because its reasonable exercise will promote order and good government and a person who is entitled to the privilege is assumed to be moved by such consideration and when it is denied to him on the ground that his motive is an improper one amounting to an unreasonable request the averred fact must be peculiarly within the knowledge of the person offering it to justify a denial of the right.

The evidence as reported to this Court fails to support the averments of the answer. It appears that the books kept by the officers of the city of the finances and transactions of the municipality are made up and kept in an intricate, complex or complicated manner. The system is one of code numbers which are indicated by a code book. The

City Clerk, Mr. Mills, said that no untrained individual in the office could possibly get any useful information from the records unless he was assisted by one of the "staff" of officers or bookkeepers or was furnished with a code book.

That situation is perfectly consistent with the action of Carver and Hoegner when, upon being shown the books and told that they had free access to them, they declined and said they were not interested in examining them. Neither of the men were shown to be expert accountants and familiar with the complex system employed by the city, nor that the code book was supplied to them nor that they could have applied it to the system in operation.

The work of J. L. Robertson, a licensed certified public accountant, representing Davidson, the relator, was required by the respondent to be submitted to him. Such condition was imposed upon Robertson before the latter was given access to the books. When the respondent obtained Robertson's work sheets he caused them to be published in another newspaper in an incomplete and incorrect version of the word done by Robertson. Mr. Couch never returned the work sheets to Robertson, who of course never submitted them to Davidson. From anything to the contrary shown by the evidence the right asserted by Davidson to examine the city's books or cause them to be examined by a competent person as his agent was hindered and obstructed by the respondents not only by means of a cryptical system of account keeping requiring the knowledge of a code revealed only by a code book in the keeping of respondents' assistants, but by imposing conditions to the right of examination which were not reasonable nor permissible under the law.

The above views we deem to be supported by consideration of the entire evidence, a more extended discussion of which seems to us to be unnecessary.

A peremptory writ of mandamus should therefore be awarded.

It is so ordered.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.