WILLSON, JESSE H., Associate Judge.
Charles Makin conveyed an undivided interest in certain lands in Palm Beach County, Florida, to L. H. Brannon and Gussie Lee Brannon, his wife, for a consideration of $25,000.00, evidenced by a promissory note executed only by L. H. Brannon. The payment of this promissory note was secured by a purchase money mortgage upon the undivided interest in the land conveyed, executed by both L. H. Brannon and Gussie Lee Brannon. The note became in default, and Makin brought an action to foreclose his mortgage. There was a decree in his favor and the Brannons appealed. L. H. Brannon is now dead, and Gussie Lee Brannon, as executrix of the estate of L. H. Brannon, has been substituted as a party appellant in his stead.
*484 The final decree contains the following provision:
"There is due to the Plaintiff, CHARLES C. MAKIN, from the Defendants, L. H. BRANNON and GUS-SIE LEE BRANNON, his wife, TWENTY TPIOUSAND THREE HUNDRED THIRTY DOLLARS AND 01/100 ($20,330.01) as unpaid principal of the indebtedness agreed to be paid in the mortgage herein foreclosed, ONE THOUSAND TWO HUNDRED TWENTY DOLLARS ($1,220.00) as interest on that principal from June 1, 1961, to June 1, 1962, THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) for attorneys fees, and TWENTY-SIX DOLLARS and 20/100 ($26.20) as filing fee and sheriff’s costs, making a total sum of TWENTY-FIVE THOUSAND SEVENTY-SIX DOLLARS and 21/100 ($25,076.21) due to the Plaintiff, CHARLES C. MAKIN, by the Defendants, L. H. BRANNON and GUSSIE LEE BRANNON, his wife.”
The appellants insist that this constitutes a personal decree against Gussie Lee Bran-non, and is erroneous since she did not execute the note secured by the mortgage. There is no merit in this contention. This was not a personal decree, or a money judgment, upon which an execution could be issued. Scott v. Russ, et al., 21 Fla. 260; Brevard Naval Stores Company v. Commercial Bank of Jacksonville, 67 Fla. 281, 64 So. 943. It was only a determination of the amount due which the mortgage was intended to secure.
The other assignment of error involves the chancellor’s determination of a question of fact. There is no reason to reverse his findings.
The final decree is affirmed.
KANNER, Acting C. J., and SHANNON, J., concur.