Mr. Robert K. Robinson North Port City Attorney 2750 Ringling Boulevard, Suite 3 Sarasota, Florida 34237
Dear Mr. Robinson:
As City Attorney for the City of North Port, you have asked for my opinion on substantially the following question:
Does Florida's Public Records Law preclude the City of North Port from requiring use of a code in order for citizens to view the email correspondence of the city's police department and human resources department?
According to your letter, the City of North Port makes its email correspondence available for review by the public on a designated computer screen and terminal located in City Hall. The public is given access to all emails for the City of North Port except those from the police department and the human resources department. In order to access this correspondence a citizen must utilize a code that must be obtained from the city clerk's department. Citizens are not told that these emails are not available without the code and are otherwise not informed of the code requirement. No rationale for this policy has been advanced by the city except that it has historically been the way these public records requests are handled. In addition, you have advised this office that in order for a citizen to gain access to police department email correspondence, the police department must be contacted and a law enforcement officer who has access to the code is assigned to sit with the requestor while he or she reviews any such records.
The city has asked whether this practice complies with Florida's Public Records Law. Specifically, the city asks whether it can continue the practice of requiring a code to access police department and human resource department emails and whether the public must be informed of this at the time of a request to review the emails of the City of North Port.
Access to public records is guaranteed by Article I, section 24, of the Florida Constitution, which generally establishes a right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, and by Florida's Public Records Law, Chapter 119, Florida Statutes.[1] Chapter 119 requires that every person having custody of public records must permit them to be inspected at reasonable times and under reasonable conditions and shall furnish copies of each record upon payment of the fees prescribed by law.[2]
Pursuant to the provisions of the Public Records Law[3] a custodian of municipal records is charged with the duty to keep and maintain the records and to establish and maintain a system for the efficient management thereof, subject to the provision that the records be easily accessible for the convenient use of public officials and the citizens of Florida in exercising their statutory right to inspect and copy public records.[4] The duty to ensure access to the public records and the right of all citizens to freely inspect and examine their records at reasonable times and in a reasonable manner is mandatory.[5] Thus, a custodian of public records may not impose a rule or condition of inspection that operates to restrict or circumvent a person's right of access to such records.[6]
The custodian "is at all times responsible for the custody of the [public] records but when a citizen applies to inspect or make copies of them, it is his duty to make provision for this to be done in such manner as will accommodate the applicant and at the same time safeguard the records."[7] Thus, the right of inspection may not be frustrated or circumvented through indirect means such as the use of a code book. An early public records law case, State ex rel. Davidson v. Couch, 158 So. 103
(Fla. 1934), involved books that were kept by a city in an intricate, complex, and complicated manner in a system of code numbers that were not capable of being understood without being interpreted by the city clerk or an assistant. On these facts the Florida Supreme Court held that
"the right asserted by Davidson to examine the city's books or cause them to be examined by a competent person as his agent was hindered and obstructed by the respondents not only by means of a cryptical system of account keeping requiring the knowledge of a code revealed only by a code book in the keeping of respondents' assistants, but by imposing conditions to the right of examination which were not reasonable nor permissible under the law."[8]
The reference to "reasonable conditions" in section 119.07(1), Florida Statutes, does not include anything that would either directly or indirectly hamper or frustrate a person's right of inspection and copying. Rather, it "refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review."[9]
Local enactments or policies that purport to dictate additional conditions or restrictions on access to public records are of questionable validity since the legislative scheme of the Public Records Law has preempted any local regulation of this subject.[10] A policy of a governmental agency cannot exempt it from the application of Chapter 119, Florida Statutes, which is a general law.[11]
In sum, it is my opinion that Florida's Public Records Law precludes the City of North Port from requiring use of a code in order for citizens to view the email correspondence of the city's police department and human resources department. While the city may delay producing any public records in order to delete any information that may be confidential or exempt under the provisions of the Public Records Law, no automatic delay may be imposed and the city may not use a code in order to frustrate the public's access to its records.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Article I, s. 24, Fla. Const., provides in part:
"(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government . . ."
[2] See s. 119.011(11), Fla. Stat., defining "[p]ublic records." Andsee Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633 (Fla. 1980), interpreting the statutory definition to encompass all materials made or received by an agency in connection with official business which are used to perpetuate, communicate, or formalize knowledge; and State v. City of Clearwater, 863 So.2d 149 (Fla. 2003), concluding that email stored in a computer can be public records provided such email is made or received pursuant to law or ordinance or in connection with the transaction of official business; however, email not made or received in connection with the transaction of official business, although contained in a public agency's computer, is not a public record.
[3] See s. 119.021, Fla. Stat.
[4] See 119.01, Fla. Stat., and 119.07(1)(a), Fla. Stat.
[5] See State ex rel. Harris v. Wiecking, 61 So. 125 (Fla. 1913); Stateex rel. Cummer v. Pace, 159 So. 679 (Fla. 1935); Gannett Co., Inc. v.Goldtrap. 302 So.2d 174 (Fla. 2nd DCA 1974); Op. Att'y Gen. Fla 75-50 (1975).
[6] See Op. Att'y Gen. Fla. 75-50 (1975). See also Davis v. SarasotaCounty Public Hospital Board, 480 So.2d 203 (Fla. 2nd DCA 1985), rev.den., 488 So.2d 829 (Fla. 1986), stating that a person making a public records request under s. 119.07(1), Florida Statutes, was entitled to see the actual nonexempt records of legal fees paid by the hospital board and not merely extracts from such records. And see State v. Webb, 786 So.2d 602
(Fla. 1st DCA 2001) (requirement that persons with custody of public records allow records to be examined "at any reasonable time, under reasonable conditions" is not unconstitutional as applied to public records custodian who was dilatory in responding to public records requests).
[7] Fuller v. State ex rel. O'Donnell, 17 So.2d 607 (Fla. 1944).
[8] State ex rel. Davidson v. Couch, 158 So. 103, 105 (Fla. 1934).
[9] Wait v. Florida Power Light Company, 372 So.2d 420, 425 (Fla. 1979). See also State ex rel. Davis v. McMillan, 38 So. 666 (Fla. 1905); and Tribune Company v. Cannella, 458 So.2d 1075, 1078 (Fla. 1984), appealdismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985) (the sole purpose of custodial supervision is to protect the records from alteration, damage, or destruction).
[10] Tribune Company v. Cannella, id., at 1077.
[11] Douglas v. Michel, 410 So.2d 936, 938 (Fla. 5th DCA 1982), questions answered and approved, 464 So.2d 545 (Fla. 1985). Accord, Op. Att'y Gen. Fla. 92-09 (1992) (utilities commission not authorized to alter terms of Ch. 119, Fla. Stat.); and Op. Att'y Gen. Fla. 75-50 (1975) (local agency has no discretion to alter the requirements of the Public Records Law because the state possesses exclusive control over access, maintenance, retention and disposal of public records). And see Op. Att'y Gen. Fla. 90-04 (1990) (county official not authorized to assign county's rights to a public record as part of a settlement agreement compromising a lawsuit against the county).