NEWBERRY *et al. v.* ROBINSON *et al.*

(*Circuit Court, S. D. New York.* February 3, 1890.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—JOINT CREDITORS.
   After the death of one of two joint creditors of a corporation, the survivor, together with the administratrix of the decedent, obtained judgment against the corporation, and brought suit to collect the same from the individual stockholders. The decedent had been a stockholder. *Held,* that the liability of the decedent's estate to contribute to pay the corporate debts was no defense to the action, since on his death the entire right of action vested in the survivor.

2. SAME—WHEN LIABILITY ACCRUES.
   In such case the defendant's liability does not date from the rendition of the judgment against the corporation, but from the creation of the debt for which such judgment was rendered.

In Equity. Bill by Helen S. Newberry, as administratrix of the estate of John S. Newberry, deceased, and James McMillan, against Nelson Robinson and others.

*William W. Cook,* for plaintiffs.

*E. C. Henderson,* for defendants.

WHEELER, J. This bill is brought to enforce the personal liability, under the laws of Ohio, of the individual defendants as stockholders of the defendant the Lake Erie & Western Railway Company, a corporation of that state. According to the bill, the debt accrued to John S. Newberry, the plaintiff Newberry's intestate, of whose estate she is administratrix in Michigan, and the plaintiff McMillan, in the years 1882–83–84; and the plaintiffs recovered judgment upon it, against the corporation, in the circuit court of the United States for the northern district of Ohio, which remains unsatisfied to the amount of $16,048, with interest and costs. The defendants demurred to the bill because the plaintiff Newberry is not administratrix in the state of New York. This court, held by Judge COXE, overruled the demurrer. 36 Fed. Rep. 841. The defendants have now pleaded, in substance, that John S. Newberry was a stockholder in the defendant corporation at the time of the accruing of the debt to him and McMillan, and the amount of his liabilities had not been applied, or offered to be, on this debt, and that the debt to the plaintiff did not accrue till the time of the judgment; and these pleas have been argued.

The point of the pleas, as to Newberry being a stockholder, seems to be that his liability should have been, or should now be, applied upon this debt. By the laws of Ohio, under which this suit is brought, the stockholders are to be "decreed and held liable," in an amount equal to their stock, "to secure the payment of the debts and liabilities of the corporation." The courts of Ohio appear to hold that under these statutes each stockholder is severally liable to all the creditors. *Umsted* v. *Buskirk,* 17 Ohio St. 118; *Mason* v. *Alexander,* 44 Ohio St. 318, 7 N. E. Rep. 435. That Newberry might have been decreed and held liable upon his stock if he had lived is not doubted, but that he ought to have applied anything on that account to this debt while he lived is not understood to be

claimed. No judgment against the corporation, without satisfaction, to fix the liability of shareholders during his life, appears. If there had been such a judgment, the claim against him alone could not have been set off against this joint debt. *Gray* v. *Rollo*, 18 Wall. 629; *Beauregard* v. *Case*, 91 U. S. 134. His estate may be liable directly to the creditors, or to contribution; but that does not show that either of the persons entitled to this recovery is liable on account of his stock. In the plaintiffs' brief, and in argument, he and McMillan are mentioned as having been partners in the transaction; but in the bill they are set up as merely joint creditors. In either case, upon his death the debt against the corporation survived to McMillan. 1 Chit. Pl. 11; 2 Redf. Wills. 172; Wood, Colly. Partn. 952. This survivorship so completely vested this debt in the survivor that it could be joined in a suit with his own individual debts, and his individual liability could be set off against it. *Slipper* v. *Stidstone*, 5 Term, 493; *French* v. *Andrade*, 6 Term, 582; Wood, Colly. Partn. 1105. Although, for some reasons not apparent here, the administratrix in Michigan was joined in the suit against the corporation in Ohio, the right is in McMillan alone, and cannot be affected by any claim against the estate of Newberry. If, on adjustment between that estate and McMillan, some share should appear to belong to the estate, the fact that anything would so belong is not alleged in these pleas. The supposed liability of one of these plaintiffs, on which these pleas are founded, does not appear to exist, and they show no good reason why the suit should not proceed.

The other plea rests upon the idea that the judgment created a new cause of action in favor of these two plaintiffs, which is the only one involved here. As a judgment, it is a new cause of action; but it is founded upon one existing before. It was not against these individual defendants, and does not merge their liability for security of the pre-existing debt, but was merely a step necessary to fix that liability. It does not appear to stand in the way of any discovery or relief which would otherwise be proper to enforce that liability. Pleas adjudged insufficient.