## In re CRYSTAL SPRING BOTTLING CO.

(District Court, D. Vermont.   February 22, 1900.)

### No. 66.

**1. BANKRUPTCY—SET-OFF OF DEBTS—MUTUALITY.**

It seems that Bankr. Act 1898, § 68a, providing for a set-off in case of "mutual debts or mutual credits between the estate of a bankrupt and a creditor" includes a liability on the part of a creditor which has accrued to a trustee in bankruptcy as such, though not to the bankrupt himself, when the creditor's claim and such liability are mutual.

**2. SAME—JOINT CLAIM AND SEVERAL DEBTS.**

Where five persons, only one of whom was solvent, had a joint claim against the estate of a bankrupt, and each of them had severally become liable to the trustee in bankruptcy, the amounts of such liabilities aggregating more than the claim, but it did not appear that the joint liability and the separate debts grew out of the same transaction, or that either formed the inducement or consideration for the other. *Held*, that there could be no set-off of such claims, and that the trustee's motion to expunge the proof of claim by the creditors must be denied, though without prejudice to any rights the parties might have after the declaration of a dividend.

In Bankruptcy.   On motion of trustee in bankruptcy to expunge proof of claim by the Passumpsic Savings Bank, a creditor.

Henry C. Ide, for trustee in bankruptcy.
A. B. Noyes, for proving creditor.

WHEELER, District Judge.   According to the report of the referee, five persons, one of whom is solvent and the others not, have a joint claim against the estate of $1,552.50, which has been proved, and each of them has become severally bound to pay the trustee some sum, and these sums amount to much more than this claim, which has been assigned to the Passumpsic Savings Bank, that advanced the money out of which it arose.   The trustee has moved to have the proof expunged, because of these liabilities of the claimants to the trustee, as an equitable set-off, and the motion has now been heard.   The set-offs provided for in the bankrupt act are in "cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor."   Section 68a.   This would seem to include a liability that has accrued to a trustee which had not accrued to the bankrupt, when the claim and liability are mutual. The mutuality required is the same as that of the act of 1867.   In Gray v. Rollo, 18 Wall. 629, 21 L. Ed. 927, it seems to have been considered that under that act a separate debt could not be set off against a joint debt in equity or bankruptcy unless they had grown out of a transaction or under circumstances establishing that the joint credit had been given on account of the separate debt.   Here

the bankrupt corporation had not incurred the debt to the five, nor either of them his several liability, on account of any cross credit. The separate amounts of the several liabilities are not given, and a set-off against them of the joint claim might, and probably would, make the solvent joint creditor discharge liabilities of some or all of the other several debtors. The motion must therefore be denied. What the rights of the parties may be after dividend declared, if in any manner different, has not been presented or considered; but the denial will be made so as not to affect them. Motion to expunge denied, without prejudice.