[Civil No. 1065.   Filed March 20, 1909.]

[100 Pac. 806.]

T. D. HOOKS, Trustee in Bankruptcy of the Estate of CHARLES F. PASCOE, Bankrupt, Plaintiff and Appellant, v. THE GILA VALLEY BANK AND TRUST COMPANY, a Corporation, Defendant and Appellee.

1. PARTNERSHIP—DEBTS OF FIRM—INDIVIDUAL LIABILITY.—A debt due from partners is enforceable against each.

2. SETOFF OF "MUTUAL DEBTS."—A firm note to a bank, assumed by an insolvent partner on dissolution of the firm, became his individual indebtedness, and such debt with the amount due him as a depositor, independent of any partnership consideration, became mutual debts within bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. Stats. 1901, p. 3450]) section 68, allowing setoffs.

3. SAME—SAME.—The right of a bank under bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. Stats. 1901, p. 3450]) section 68, to set off against a deposit an overdue note of the depositor, is not affected by the fact that the note is secured by a chattel mortgage.

4. SAME—"PREFERENTIAL TRANSFERS."—Setting off a deposit against an insolvent depositor's note to a bank secured by a mortgage is not a preferential transfer under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. Stats. 1901, p. 3418]).

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Graham. Frederick S. Nave, Judge.   Affirmed.

The facts are stated in the opinion.

W. K. Dial, for Appellant.

Rawlins & Little, for Appellee.

SLOAN, J.—The appellant, T. D. Hooks, as trustee in bankruptcy of the estate of Charles F. Pascoe, bankrupt, brought this action in the district court of Graham county against the Gila Valley Bank and Trust Company to recover the sum of $414.92, which, as alleged in the complaint, Pascoe had on deposit with the defendant bank at the time the former filed his petition in bankruptcy, to wit, April 10, 1905. The bank, as a defense to this claim, set up that in December, 1904, Pascoe and one Theo. Shirley were copartners engaged in the livery and feed stable business in the town of Clifton; that on December 28, 1904, the partnership was dissolved, Pascoe then purchasing the business and becoming thereby the sole owner thereof, and, by agreement with Shirley, assuming all the outstanding indebtedness of the firm; that on February 8, 1905, Pascoe had on deposit to his credit with the defendant bank the sum of $414.92; that at the close of business on that day, Pascoe being insolvent and indebted to it on a certain promissory note then due and payable for an amount greatly exceeding said deposit, the bank, after paying the outstanding checks of Pascoe, credited the balance of said deposit, to wit, the sum of $328.22, on said promissory note. A trial was had upon the issues thus presented, and judgment was rendered for the defendant. From this judgment, the plaintiff has appealed.

On the trial the facts pleaded by defendant were proven, and, in addition, it was shown that the promissory note referred to in defendant's answer was the note of the firm of Pascoe & Shirley, and that this note was secured by a chattel mortgage upon all the personal property owned by the firm at the time of its execution. It further appears that on February 8, 1905, the bank had taken possession of the mortgaged property, and that it subsequently, and after the filing of the petition in bankruptcy by Pascoe, foreclosed this mortgage, and obtained a deficiency judgment against Pascoe. The trial court held that under the circumstances thus disclosed the bank had a right, under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. Stats. 1901, p. 3418]), to offset the amount of Pascoe's deposit against the amount due on

the promissory note of Pascoe & Shirley.    The correctness of
this ruling is the sole question raised by the appellant for our
decision.

Section 68 of the bankruptcy act provides: "In all cases of
mutual debts or mutual credits between the estate of the bank-
rupt and a creditor the account shall be stated and one debt
shall be a setoff against the other and the balance only shall be
allowed or paid.    A setoff or counterclaim shall not be allowed
in favor of any debtor of the bankrupt which (1) is not prov-
able against the estate; or (2) was purchased by or transferred
to him after the filing of the petition, or within four months
before such filing, with a view to such use and with the knowl-
edge or notice that such bankrupt was insolvent, or had com-
mitted an act of bankruptcy."    Under this section of the act,
the right of the bank to offset Pascoe's deposit against the
note depends, in the first place, upon whether the deposit and
the promissory note constituted mutual debts between the bank
and Pascoe; and, in the second place, whether the amount due
from Pascoe to the bank on the promissory note was a debt
provable against the estate.    It is axiomatic almost that a debt
due from partners is enforceable against each of the partners.
In the case of *Tucker* v. *Oxley,* 5 Cranch, 34, 3 L. Ed. 29, the
supreme court of the United States, construing the bankrupt
law of 1800, which in its application to setoffs is similar in im-
port to the act of 1898, held that a joint debt due from part-
ners may be set off against a separate claim of the assignee of
one of the partners.    See, also, *Gray* v. *Rollo,* 18 Wall. 629, 21
L. Ed. 927.    Independent, however, of this view of the law
governing partnerships in its application to the construction of
the term "mutual debts," as used in the statute, there is the
additional fact to be considered in this case that Pascoe had
assumed payment of the promissory note at the time of the
dissolution of the partnership.    It became, therefore, his in-
dividual indebtedness, and the debt evidenced by the note with
the amount due from the bank to him as a depositor became,
independent of any partnership consideration, mutual debts.

It is argued by counsel for appellant that in no event did
the bank have the right to make the setoff, inasmuch as the
note was secured by mortgage.    A case in which the precise
question here presented was involved is that of *West* v. *Bank
of Lahoma,* 16 Okl. 328, 85 Pac. 469.    It was there held that a

bank had a right to offset the amount of a deposit against an overdue note of the depositor held by it which was secured by chattel mortgage upon a stock of merchandise, the depositor being at the time insolvent, and that this was not, under the bankruptcy act, a preferential transfer. That such an offset was not a preferential transfer and may be made, the case of *New York County Bank* v. *Massey*, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380, is in point.

We see no error in the record, and the judgment is therefore affirmed.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.