In re KUEMPEL COMPANY, Debtor.

KUEMPEL COMPANY,
Plaintiff-Appellee,

v.

DUGAN & MEYERS CONSTRUCTION CO., INC., Defendant-Appellant.

Civ. A. No. C–1–83–1348.
Adv. No. 1–83–0071.
Related Case No. 1–80–00406.

United States District Court,
S.D. Ohio.

May 15, 1984.

## OPINION

SPIEGEL, District Judge.

This is an appeal from an order of the bankruptcy judge denying defendant-appellant's motion to dismiss. Plaintiff-appellee Kuempel Company is a Chapter 11 debtor in possession under bankruptcy proceedings pending in the Bankruptcy Court for the Southern District of Ohio. On March 10, 1983, plaintiff-appellee filed its complaint against defendant-appellant Dugan & Meyers Construction Co., asserting jurisdiction of the bankruptcy court by virtue of 28 U.S.C. § 1471. Defendant-Appellant was not previously a party to the bankruptcy proceedings. In its amended complaint, plaintiff-appellee alleges two contracts relating to a construction project under which it was to provide labor and materials for a contract price. Plaintiff-appellee seeks recovery of its share of retainage and payment of its unliquidated claims under the contracts and under other legal theories sounding in contract. Defendant-appellant characterizes the complaint as seeking a determination of the respective contract rights and obligations of the parties, and involving factual issues relating to performance, payment, and unliquidated damages for breach of contract. Both parties are corporations organized under the laws of Ohio, and there is no diversity of citizenship present. Therefore, federal jurisdiction is premised solely on federal bankruptcy laws.

Defendant-appellant filed a motion to dismiss on the grounds that the Bankruptcy Court lacked jurisdiction of the subject matter, relying on a decision of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The bankruptcy court denied the motion to dismiss on the grounds that it had derivative jurisdiction under the emergency order entered by this Court December 23, 1982, which became effective December 25, 1982 (hereinafter referred to as "Rule"). This rule was enacted to provide for the administration of the bankruptcy system because Congress failed to enact remedial legislation in response to the Supreme Court's decision in *Northern Pipeline*.

The issue to be determined on this appeal, therefore, is whether the Bankruptcy Court and the District Court have jurisdiction over the subject matter of the action filed by plaintiff-appellee against defendant-appellant under 28 U.S.C. § 1471. Title 28 U.S.C. § 1471 provides in part:

(a) Except as provided in (b) of this section, the district courts have original and exclusive jurisdiction of all cases under Title 11.

(b) Notwithstanding any act of Congress that confers exclusive jurisdiction on the court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

In *Northern Pipeline Construction Co. v. Marathon Pipeline*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court, in a plurality opinion, declared portions of 28 U.S.C. § 1471 unconstitutional, but due to the lack of a majority opinion, there has been much confusion as to the meaning of the decision. The Supreme Court, recognizing the quandary created by its decision, delayed the effective date until December 1982, in the hopes that Congress would pass remedial legislation correcting the problem. An emergency order for the operation of the Bankrupt-

**536**

cy Court system was adopted by the United States District Court for the Southern District of Ohio pursuant to the Order of the Judicial Council of the Sixth Circuit dated June 21, 1982, and became effective December 25, 1982, as Congress failed to enact remedial legislation in response to the *Northern Pipeline* decision.

Under the Order, there is a general reference, to bankruptcy judges, of all cases under Title 11, and all civil proceedings arising under Title 11 "or arising in or related to cases under Title 11." Rule (c)(1). In "related proceedings," the bankruptcy judge may not enter a judgment or dispositive order "but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceedings consent to entry of the judgment or order by the bankruptcy judge." Related proceedings are defined as "those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court." Rule (d)(3)(A). The order further provides that a notice of appeal may be filed from a proposed order of judgment of the bankruptcy judge within ten days of the "lodgement of the proposed judgment or order." Rule (e)(1), and that the district judge shall review the "proposed order or judgment lodged under paragraph (d)(3), whether or not any notice of appeal or application for leave to appeal has been filed." Rule (e)(2)(A)(iii). The order also provides that

> [i]n conducting review, the district judge may hold a hearing and may receive such evidence and may accept, reject, or modify in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

Rule (e)(2)(B).

▮ In the instant case, we conclude that the litigation in the bankruptcy court between the parties is a "related proceeding" and not an order to turn over property of the estate. Defendant-appellant argues that the decision in *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254 (6th Cir.1983), which upheld the interim rule and its provision for the bankruptcy court to act as a magistrate or special master in assisting the district court in "related proceedings" was overruled by *Rhodes v. Stewart*, 705 F.2d 159 (6th Cir.1983). We disagree that *Rhodes* overrules *White Motor*. *Rhodes* did not address issues of the district courts' jurisdiction in related proceedings from which the bankruptcy court's jurisdiction derives. Consequently, we abide by the holdings in *White Motor Corp.* that 28 U.S.C. § 1471(a) & (b) give the district courts original jurisdiction in bankruptcy proceedings, 704 F.2d 260, and that the Interim Rule's provisions for referral to the bankruptcy court of "peripheral, nontraditional bankruptcy issues such as claims by the bankrupt against non-creditors" do not violate federal statutory or constitutional authority and do not conflict with the ruling of the Supreme Court in *Northern Pipeline*. *Id.* at 261 and 263 (quoted language at 263).

We agree with the bankruptcy judge that he has subject matter jurisdiction to "submit findings, conclusions, and the proposed judgment or order to the district judge" in this case, Interim Rule (d)(3)(B), as the parties have not consented "to entry of the judgment or order by the bankruptcy judge," *Id.*

Accordingly, the decision of the bankruptcy court denying defendant-appellant's motion to dismiss is affirmed.

SO ORDERED.