In re Harry G. BYRD, Jr., Debtor.

Norman L. SLUTSKY, Plaintiff,

v.

Beatrice BYRD, Defendant.

Norman L. SLUTSKY, Plaintiff,

v.

Lois PATTERSON, et al., Defendants.

Adv. Nos. 1–84–0224, 1–84–0225.
Related Case No. 1–83–03120.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 25, 1985.

**646**

Norman L. Slutsky, Cincinnati, Ohio, trustee/plaintiff.

Stuart C. Brinn, Cincinnati, Ohio, for plaintiff.

Harold Wagner, Cincinnati, Ohio, for defendants.

Thomas F. Waldron, Cincinnati, Ohio, for debtor.

### DECISION AND ORDER ON MOTION TO DISMISS AND ALSO MOTION TO DETERMINE PROCEEDING TO BE A NON–CORE PROCEEDING.

BURTON PERLMAN, Bankruptcy Judge.

We write a single decision in these two adversary proceedings because the identical questions are presented in both proceedings. Further, because the separate motions of the defendants to dismiss and to determine non-core proceedings involve related considerations, we deal with both motions in this single decision.

In Adversary No. 1–84–0224, the trustee plaintiff has filed Complaint to Set Aside Transfers of Real Property. It is alleged that the debtor transferred real property consisting of a home in Cincinnati, a condominium in Fort Lauderdale, Florida, and a vacant lot in Port St. Lucie, Florida, for less than fair consideration, rendering such transfers fraudulent as to creditors in violation of Ohio Revised Code §§ 1336.04, 1336.05, and/or 1313.56. The plaintiff seeks to have the conveyances set aside, or in the alternative, judgment for the value of the property. The initial pleading in Adversary No. 1–84–0225 is entitled Complaint To Set Aside Transfers Of Stock And Property. In this proceeding plaintiff alleges that there was a fraudulent conveyance of stock, a boat, and a certificate of deposit in violation of Ohio Revised Code Section 1336.05, 1336.07, and/or 1313.56. Again, plaintiff seeks to have the conveyances set aside, or in the alternative, a judgment for the value of the property disposed of.

Defendants have filed the identical two motions in the two adversary proceedings. Their Motion to Dismiss asserts that there is a lack of jurisdiction over the subject matter and also over the person. The basis for the objection to jurisdiction over the subject matter is that the jurisdiction now vested in the bankruptcy judges is unconstitutional, debtors say, particularly because of Bankruptcy Rule 8013 which pronounces a clearly erroneous standard of review of judgments and orders of the bankruptcy judge. The basis for the objection to jurisdiction over the person is that there is no diversity of citizenship, and since, the argument goes, the bankruptcy jurisdiction is invalid, the only other basis for federal jurisdiction would be diversity, and since that does not exist, there is no basis for federal jurisdiction. Defendants therefore say dismissal of the adversary proceedings is in order.

The Motion to Determine Proceeding To Be A Non-Core Proceeding made by defendants in both proceedings is made pursuant to 28 U.S.C. § 157(b)(3). The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, July 10, 1984 (hereafter "1984 Bankruptcy Amendments") contained new § 157(b)(3) which provides:

§ 157   Procedures

\*   \*   \*   \*   \*   \*

(b)(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely

on the basis that its resolution may be affected by State law.

The basis for the declaration sought by defendants that it is non-core proceedings which are here involved, is that plaintiff's claims have "to do with specific statutes from the State of Ohio."

That first objective of defendants on these motions is to secure a dismissal of the case by the bankruptcy court, contending that "the only appropriate and constitutionally valid forum for the resolution of this litigation is a State Court forum ...". In the event that dismissal so that further proceedings can take place in the state court is denied, defendants request a determination "that this matter is a non-core proceeding to be heard by the District Court." After carefully considering the several grounds urged by defendants, we conclude that this court has subject matter jurisdiction as well as personal jurisdiction over defendants, and therefore the motions to dismiss must be denied. In addition, while we conclude that this is, indeed, a non-core proceeding, proceedings of that nature have been referred to this court, and the request for relief by referral to the District Court also must be denied.

**1.) Jurisdiction.**

█ In both these adversary proceedings there is a complaint initiated by the trustee in bankruptcy having for its purpose the recovery of property for the bankruptcy estate. There can be no serious question that these two adversary proceedings are "civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 1 Collier on Bankruptcy (15th ed.) ¶ 3.01 at p. 3–42. The statute 28 U.S.C. § 1334, as amended in the 1984 Bankruptcy Amendments, confers original but not exclusive jurisdiction on the district courts of such proceedings. This was the same jurisdictional grant to the district courts made in 28 U.S.C. § 1471(b) of the now superseded Title II of the 1978 Bankruptcy Reform Act, (Public Law 95–598, Nov. 6, 1978). *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102

S.Ct. 2858, 73 L.Ed.2d 598 (1982) did not deal with that jurisdictional grant. The infirmity which was perceived by the Supreme Court in *Northern Pipeline* in the 1978 bankruptcy statute was the unqualified transfer of that jurisdiction to the bankruptcy court. Specifically, it was the holding of the majority of the Supreme Court in *Northern Pipeline* that a bankruptcy judge, not being an Article III judge, could not adjudicate certain state law claims. There was no such bar pronounced in *Northern Pipeline* against the district court adjudicating non-federal matters arising in a bankruptcy context. As stated in *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254, 259 (6th Cir.1983), "... the *Northern Pipeline* decision simply does not question the jurisdiction of the district courts."

The 1984 Bankruptcy Amendments still contemplate that there be a reference by the district court to a bankruptcy court of non-federal bankruptcy matters. Where before, however, that reference had been automatic, it is now circumscribed. At 28 U.S.C. § 157(a) added by the 1984 Bankruptcy Amendments, it is provided that a district court may refer proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the district. (The District Court for the Southern District of Ohio entered such an Order July 30, 1984, MS–1–84–152, which is in force at the present time.) By contrast to the 1978 statute, the 1984 enactment provides for withdrawal of the reference on appropriate motion (28 U.S.C. § 157(d)). This limited reference procedure meets constitutional muster. *In re Tom Carter Enterprises, Inc.*, 44 B.R. 605, 12 B.C.D. 536 (Bankr.C.D.Cal.1984).

The foregoing discussion is sufficient to refute the contention that there is no jurisdiction in the bankruptcy court and therefore the case should be dismissed so that it may proceed in the state court. This conclusion leaves for further consideration the question of whether the matters which are the subject of the present complaints may

be dealt with in the bankruptcy court or must be transferred to the district court.

## 2.) Core v. Non-core.

■ Defendants have made timely motion for a determination that the present proceedings are not core proceedings and we are obliged by reason of 11 U.S.C. § 157(b)(3) to make such determination. The 1984 Bankruptcy Amendments at 11 U.S.C. § 157(b)(2) defines core proceedings as follows:

§ 157 Procedures.

\*　　\*　　\*　　\*　　\*　　\*

(b)(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purpose of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annual or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

\*　　\*　　\*　　\*　　\*　　\*

The trustee contends that the present are core proceedings because they fall within the language of (H), "proceedings to determine, avoid or recover fraudulent conveyances;".

Yet it is unquestionable that the respective complaints in the two adversary proceedings here involved set forth causes of action based squarely and unequivocally upon state statutes. No claim is set forth under, for instance, 11 U.S.C. § 547 to recover a preference, or 11 U.S.C. § 548 to set aside a fraudulent transfer. We can infer from the statement of the trustee/plaintiff in his memorandum, "that State law is being relied upon rather than the fraud provisions of the Bankruptcy Act [because] the Statute of Limitations is longer in the State law provisions," that the relevant statute of limitations has elapsed so far as any federal bankruptcy law is concerned.

It was because of *Northern Pipeline* that the core, non-core dichotomy was created, the former designating matters in which bankruptcy courts have traditionally entered orders and judgments. The following language appears at, 458 U.S., p. 90, 102 S.Ct. at p. 2881, in the concurring decision of Justice Rehnquist which led to a majority view in the case:

There is apparently no federal rule of decision provided for any of the issues in the lawsuit; the claims of Northern arise entirely under State law.

In view of this statement we can find no alternative to reaching the conclusion that the adjudication of rights *created* by state law, not merely traditionally adjudicated

under state common law, are not core proceedings.

This conclusion does not, however, end the present inquiry Defendants seek, in the event of a non-core holding, a further holding that the relief they desire, that these proceedings be returned to the district court, occur. That relief does not follow. Non-core proceedings are referred to the bankruptcy court by the district court order of reference just as are core proceedings. This court, however, is required to adopt a different manner of proceeding when it is a non-core matter that is before it. The procedure then is to be found at 28 U.S.C. § 157(c)(1). As to such proceedings, we are required to "submit proposed findings of fact and conclusions of law to the district court," and a final judgment may be entered only by the district judge after a possible de novo review.

The foregoing disposes of the motions of defendants. We observe that the relief pursued by defendants is the subject of 28 U.S.C. § 1334(c)(2) which requires mandatory abstention under appropriate circumstances in favor of state court adjudication. That statutory provision, however, as stated at § 122(b) of the 1984 Bankruptcy Amendments does not apply "with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases." The date of enactment of the 1984 Bankruptcy Amendments was July 10, 1984. The case in which the instant proceedings arose was filed November 30, 1983. Section 1334(c)(2) therefore cannot here be applied.

In *In re Tom Carter Enterprises, Inc.,* 44 B.R. 605, 12 B.C.D. 536–537 that court said:

> Hence, the Bankruptcy structure created by the 1984 Act is virtually identical to the system established under the reference rule.

The mentioned "reference rule" was the Emergency Rule promulgated by the district courts to confer power to deal with bankruptcy matters upon the bankruptcy courts after *Northern Pipeline* was allowed to impact the bankruptcy system. The district courts there delegated their authority in bankruptcy cases to the bankruptcy court in a manner which provided the model for the 1984 Bankruptcy Amendments. We had occasion in a prior case to deal with the question here presented, but under the Emergency Rule. *In re Kuempel Company,* Adv. No. 1–83–0071 (Bankr. S.D.Ohio W.D. June 2, 1983), aff'd, 40 B.R. 534 (S.D.Ohio W.D.1984). In that case we held that we had jurisdiction with respect to a "related" proceeding, a category in the Emergency Rule which translates into a non-core proceeding under the 1984 Bankruptcy Amendments, though it was required to be left to the district court to enter a final judgment.

In view of the foregoing discussion, defendants' motions to dismiss are overruled. In addition, we hold the claims advanced by plaintiff to be non-core proceedings. The adversary proceedings will remain before us within the limits of 28 U.S.C. § 1334(c)(1). In closing, we note that the parties may, if they wish, pursuant to § 1334(c)(2) consent to entry of a final judgment or judgments by this court.

SO ORDERED.