In re Kelley MEYER, SS# 497–14–5259, Shirley A. Meyer, SS# 496–32–3047, Debtors.

Ken LEIMAN, P.O. Box 36135, Denver, Colorado 80236, Plaintiff,

v.

The FIRST NATIONAL BANK IN RIFLE, 100 East Fourth Street, Rifle, Colorado 81650, Kelley Meyer and Shirley Meyer, 8409 Skiff Lane, Maineville, Ohio 45039, James C. Cissell, Trustee, P.O. Box 3157, Cincinnati, Ohio 45201, Defendants.

Adv. No. 1–84–0248.
Related Case No. 1–83–03114.

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 9, 1985.

Thomas R. Yocum, Cincinnati, Ohio, for plaintiff.

Harold Jarnicki, Lebanon, Ohio, for debtors/defendants.

James C. Cissell, Cincinnati, Ohio, trustee.

## DECISION AND ORDER ON MOTION TO ABSTAIN OR DISMISS

BURTON PERLMAN, Bankruptcy Judge.

The complaint in the present adversary proceeding brings before us a controversy in a curious way. Plaintiff was evidently engaged in real estate development with debtors/defendants in 1981, and at that time and in connection with that relationship, plaintiff executed a promissory note to debtors in the amount of $180,000.00. There was an "attempted" assignment of that promissory note to defendant The First National Bank in Rifle, Colorado ("Bank"). Plaintiff asks this Court to set aside that assignment, find the note to be an asset of the bankruptcy estate, and adjudicate alleged defenses and offsets available to plaintiff against any claim arising on the promissory note. Bank's answer puts in issue the invalidity of the assignment, and seeks dismissal of the suit, observing that the issues raised are presently being litigated in the state courts of Colorado. Debtors also filed an answer, generally denying the allegations of the complaint, and also seeking dismissal of the complaint for failure to name an indispensable party, to wit, the bankruptcy trustee. Thereafter, plaintiff added the trustee as a party. The trustee then filed his answer containing two counterclaims, the first against Bank (properly, a cross-claim), second against plaintiff. In his first counterclaim, the trustee seeks to set aside the assignment and requests a finding that the note is property of the estate. The second counterclaim seeks to collect the promissory note.

Prior to the entry into the case of the trustee, defendant Bank filed the motion with which we here deal. In the first ground stated in the motion, Bank invokes the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). We will not linger over this contention, because that statutory provision is not applicable to the present proceeding. The bankruptcy case in which this proceeding arises was filed November 30, 1983, and consequently § 1334(c)(2) cannot be applied herein. *In Re Harry Byrd*, 51 B.R. 645 (Bankr.S.D.Ohio W.D.1985).

The Bank's motion, however, seeks abstention as a discretionary matter in accordance with 28 U.S.C. § 1334(c)(1). Bank's thesis is that this court should ab-

**18**

stain because the matter submitted for determination will not benefit the bankruptcy estate. Bank supports this argument by stating that the trustee evidently has no interest in the note or the validity of the assignment because he has brought no action on the note. In addition, Bank argues that the present controversy should be determined by a state court since it involves issues of state law.

As we have seen in the above recounting of the events in the case before us, the trustee, since the time that Bank filed its motion, has entered the case. In the first counterclaim in his answer he asserts that the purported assignment of the note in question to the Bank was a voidable preference under 11 U.S.C. § 547. He therefore prayed that the note be found to be property of the bankruptcy estate. Where prior to the pleading by the trustee, Bank's position was arguable, it is no longer so after such filing. Indeed, we hold that the filing by the trustee moots the present motion.

Bank's argument with regard to the applicability of § 1334(c)(1) is shot through with the consideration that the present controversy has nothing to do with the bankruptcy because the trustee has asserted no claim with respect to the promissory note. That situation having been changed by the trustee's filing, Bank's motion on this ground is insupportable. *In Re Bernd*, 20 B.R. 338 (Bankr.E.D.Wis.1982) becomes irrelevant because it deals with property which had been abandoned and therefore clearly without likelihood of benefiting the bankruptcy estate. That is not so here where the trustee seeks to recover property for the estate. *In Re Kimrey*, 10 B.R. 466 (Bankr.M.D.N.C.1981) suggests abstention where application of state law requires the expertise of the state court. No showing has been made here that that is the case. Instead, the first counterclaim set forth by the trustee is a core proceeding under 11 U.S.C. § 157(b)(2)(F), since it is a proceeding "to determine, avoid, or recover preferences." Application of bankruptcy law and principles doubtless are going to predominate, or at least be as important as,

questions arising under state law in adjudicating this claim.

In light of all of the foregoing, the motion of the Bank is overruled.

SO ORDERED.