See also, D.C., 59 B.R. 16.

---

**In re Kelley MEYER and Shirley Meyer, Debtors.**

**Ken LEIMAN, Plaintiff,**

v.

**The FIRST NATIONAL BANK IN RIFLE and Kelley Meyer and Shirley Meyer and James C. Cissell, Trustee, Defendants.**

Bankruptcy No. 1–83–03114.
Adv. No. 1–84–0248.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 31, 1986.

Thomas R. Yokum, Benjamin, Faulkner, Tepe & Sack, Cincinnati, Ohio, for Leiman.

James C. Cissell, Cincinnati, Ohio, trustee.

Ernest V. Thomas, III, Cincinnati, Ohio, Stephen L. Carter, First National Bank in Rifle, Rifle, Colo., for First Nat. Bank.

Harold Jarnicki, Lebanon, Ohio, for debtor.

DECISION ON MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff and defendant trustee have filed motions for summary judgment. In an earlier decision in this adversary proceeding, we said the following, which we repeat, as a summary of the pleadings herein:

The complaint in the present adversary proceeding brings before us a controversy in a curious way. Plaintiff was evidently engaged in real estate development with debtors/defendants in 1981, and at that time and in connection with that relationship, plaintiff executed a

promissory note to debtors in the amount of $180,000.00. There was an "attempted" assignment of that promissory note to defendant The First National Bank in Rifle, Colorado ("Bank"). Plaintiff asks this Court to set aside that assignment, find the note to be an asset of the bankruptcy estate, and adjudicate alleged defenses and offsets available to plaintiff against any claim arising on the promissory note. Bank's answer puts in issue the invalidity of the assignment, and seeks dismissal of the suit, observing that the issues raised are presently being litigated in the state courts of Colorado. Debtors also filed an answer, generally denying the allegations of the complaint, and also seeking dismissal of the complaint for failure to name an indispensable party, to wit, the bankruptcy trustee. Thereafter, plaintiff added the trustee as a party. The trustee then filed his answer containing two counterclaims, the first against Bank (properly, a cross-claim), second against plaintiff. In his first counterclaim, the trustee seeks to set aside the assignment and requests a finding that the note is property of the estate. The second counterclaim seeks to collect the promissory note.

*In re Meyer,* 59 B.R. 16, 17 (Bankr.S.D. Ohio, 1985).

In his motion for summary judgment, plaintiff urges that a certain installment promissory note in issue in the litigation is an asset of the bankruptcy estate and that plaintiff is entitled to set off a claim which he asserts against such note. In his motion for summary judgment, trustee asserts that plaintiff is not entitled to set off his claim against the note he holds from plaintiff, because the debts in question are not mutual debts.

There is an issue regarding ownership of the note which was executed by plaintiff in favor of Meyer. (We will hereafter so designate defendant/debtor Kelley Meyer.) The parties are in agreement that the court should proceed on the basis that, for present purposes only, it will be assumed that trustee is the owner of that note.

Further, we will, for present purposes, find facts only to the extent necessary to resolve the issues presented by the motions for summary judgment. Such facts are not disputed.

Meyer owned real estate in Rifle, Colorado, but lacked funds to develop it. He sold a one-half interest therein to plaintiff for $300,000.00. Of that purchase price, $120,000.00 was paid in cash and a promissory note for $180,000.00 was signed by plaintiff, and made payable to both Meyer and his wife, Shirley Meyer.

Plaintiff and Meyer were residents of Rifle and engaged in business together in 1980 and 1981, the time when the relevant events occurred. Plaintiff and Meyer were members of two partnerships. One was a limited partnership for the development of real estate in Rifle called "Chevy Addition". Plaintiff and Meyer were the two general partners in that partnership and had agreed to share equally the partnership expenses and debts. The second partnership was named K & K. Its business was to buy and sell real estate and to do general construction. Plaintiff and Meyer jointly made a loan from the First National Bank of Rifle (hereafter "Bank") to develop the Chevy Addition property. The K & K partnership included a third individual, Scott Brynildson, in addition to plaintiff and Meyer. This partnership purchased some real estate from sellers Urquhart.

In May, 1982, because of the termination of a major shale oil project in Rifle, the economy of Rifle crashed.

Meyer moved from Rifle to Texas in July, 1982, and left plaintiff to liquidate the partnerships. Plaintiff did so, and in the process, paid off partnership obligations for which Meyer was liable in an amount which exceeds plaintiff's indebtedness to Meyer on the promissory note for $180,000.00. The trustee does not dispute the latter fact. What is in issue, so far as the trustee is concerned, is whether, employing the term to be found in 11 U.S.C. § 553, the obligation sought to be set off by plaintiff is "mutual".

In resolving the issue presented to us, attention must be paid to the language of the pertinent statute, 11 U.S.C. § 553(a):

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, . . .

Certain exceptions to setoff are provided for in the statute, but the parties do not make any contention that such exceptions are here relevant.

The statute itself answers the initial question which must be faced in this case. That question is whether a creditor with a claim against a debtor is entitled to set it off against a bankruptcy trustee who has succeeded to a claim which the debtor has against that creditor. The statutory language unequivocally states that such debts may be set off.

What is being made an issue by the trustee is whether the debt which plaintiff owes to Meyer may be set off against the claim which plaintiff asserts against Meyer. The trustee says that because the latter claim, that asserted by plaintiff against Meyer, arises out of their partnership relationship, it is not a mutual debt, considering that the debt owed by plaintiff to Meyer is a personal and direct debt.

To resolve this question, we must examine closely the nature of plaintiff's claim against Meyer. The two were general partners in the K & K partnership and, in addition, were two of the three partners in the other partnership. Plaintiff paid off the indebtedness of the partnerships and his claim against Meyer derives from this action benefitting the partnerships. We have reached the conclusion that the trustee is incorrect in asserting that a claim by one partner against another partner which originates in the payment by the first partner of claims against the partnership, does not give rise to a direct and personal obli-gation by the other partner or partners in the partnership to the partner who has paid off the partnership indebtedness and thus benefitted the partnership. This conclusion is inevitable because the law is clear that a partner who pays off partnership claims is entitled to indemnification by his other partner or partners. *See,* 60 Am. Jur. 2D *Partnership* § 114 (1972); 13 O.Jur. 3rd *Business Relationships* § 964 (1979). These authorities establish that the right to indemnification is directly provided for in the Uniform Partnership Act which has been adopted both in Ohio and Colorado. *See,* Ohio Rev.Code § 1775.17. Because plaintiff has a direct and personal right to payment by Meyer, we hold that the debt so arising is a mutual debt with that owing by plaintiff to Meyer.

The trustee argues that the foregoing conclusion is incorrect, relying primarily for that position on *Gray v. Rollo,* 85 U.S. (18 Wall.) 629, 21 L.Ed. 927 (1874) and *In re Baldwin-United Corp.,* 48 B.R. 49 (Bankr. S.D.Ohio 1985). Those cases, however, are distinguishable on their facts. The *Gray* case involved a situation where a debtor insurance company was indebted to its insured, Gray Brothers, a firm composed of Moses Gray and Franklin Gray. Moses Gray jointly with one Gaylord held two promissory notes of the debtor insurance company. Moses Gray sought to offset what he, together with Gaylord, owed the debtor against what the debtor owed to Gray Brothers. Setoff was not allowed, the court saying simply that these were not mutual debts, for they were not between the same parties. The court went on to explain that the claim of Moses Gray against the debtor was not due to him alone, but jointly to him and his brother. The case before us is not the same. While the debt owed by debtor to plaintiff grows out of the partnership, it is not a debt due to the partnership, but rather to plaintiff alone.

The *Baldin-United* case is also different. Judge Newsome, of this court, in that case did not permit the setoff by Thompson of his claims for wrongful termination, sever-

ance pay, attorneys' fees, etc., against the claim of the debtor against Thompson for payment for purchase of debtor's stock. The claims were found not to be mutual for the reason that the obligation to pay for unpaid stock constitutes a trust fund for the creditors of debtor, as well as for debtor. Again, in the instant case, the obligation of plaintiff to Meyer bears no resemblance to the character of that owed by Thompson to Baldwin-United.

Accordingly, we have reached the conclusion that the debts here in question are mutual and may be set off. To that extent, plaintiff is entitled to summary judgment, while defendant trustee's motion for summary judgment is overruled. Questions still remain to be litigated. One was that indicated at the beginning of this decision to have been set aside by the parties, ownership of the note from plaintiff Leiman to Meyer. A further question goes to the amount that plaintiff is entitled to set off against the claim asserted against him by trustee. This record does not present sufficient evidence to enable us to fix the amount to which plaintiff is entitled to be indemnified by reason of his partnership relationships with Meyer.

So Ordered.